UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00031-H

DANNY WALLACE,                                                PLAINTIFF

V.

MANLEY DEAS KOCHALSKI LLC,                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are Defendant, Manley Deas Kochalski LLC's motion to dismiss and Plaintiff, Danny Wallace's motion for leave to file a first amended complaint.  For purposes of the pending motion to dismiss, the Court will consider plaintiff's amended complaint, which contains more specific factual allegations, in evaluating Defendant's motion.[1] *See Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (quoting the lower court opinion indicating that "[h]ad plaintiffs filed a motion to amend the complaint prior to this Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint").  For the following

---

[1]  According to Federal Rule of Civil Procedure 15(a), a party that did not amend its complaint as a matter of right "may amend its pleading only with the opposing party's written consent or with the court's leave."  The Rule directs that federal courts "should freely give leave when justice so requires."  FED. R. CIV. P. 15(a).  Although courts often grant motions for leave to amend a complaint, courts should deny such a motion where there is "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment is deemed futile if it could not overcome a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  In response to Plaintiff's motion for leave to amend his complaint, Defendant argues that granting Plaintiff leave to amend would be futile as his complaint and amended complaint both fail to state a claim upon which relief may be granted.  The Court agrees and will deny Plaintiff's motion to file a first amended complaint because it cannot withstand a motion to dismiss.

reasons, the Court sustains Defendant's motion to dismiss and denies Plaintiff's motion for leave to file an amended complaint.

I.

On January 10, 2013, Plaintiff filed this action against Defendant seeking recovery for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*, ("FDCPA"), and intentional infliction of emotional distress ("IIED"). Defendant is a law firm retained to file suit in Kentucky state court on behalf of Cenlar, FSB ("Cenlar"), a mortgage company, to foreclose a mortgage on real property owned by Plaintiff.

In Plaintiff's complaint, he describes in detail his interaction with various mortgage loan services including Taylor, Bean, and Whitaker ("Taylor Bean"), Cenlar, and Bayview Loan Servicing, LLC. Specifically, Plaintiff details an ordeal in which hazard insurance on the property securing his mortgage was "force-placed" by one of the mortgage services despite his assertion that he had secured continuous coverage. As a result, his monthly mortgage payment increased from $514.12 to $778.03. When Taylor Bean transferred the mortgage to Cenlar, the parties corrected the mistake and entered into a payment arrangement that returned Plaintiff's monthly payment to $514.12. Sometime after that, another issue arose when Plaintiff allegedly failed to timely pay his property tax bill. Cenlar paid the property taxes on Plaintiff's behalf. Plaintiff contends that he subsequently repaid Cenlar the amount it paid to cover Plaintiff's property taxes, but questions whether Cenlar properly credited the funds to his account. He claims that Cenlar created an unlawful forced-escrow account to collect on a debt that Cenlar essentially created in failing to credit his account.

In July 2011, Plaintiff ceased making his ordinary monthly mortgage payments to Cenlar, until Cenlar explained how it applied prior payments to his account. Cenlar retained Defendant

2

after Plaintiff failed to make payments on his mortgage loan for more than five months.  On January 4, 2012, Defendant filed the foreclosure action, on behalf of Cenlar, in Jefferson Circuit Court.  Plaintiff maintains that statements in the foreclosure complaint are false, deceptive, and misleading in violation of the FDCPA, in that the complaint alleges Plaintiff defaulted on his mortgage loan, a fact Plaintiff contends is completely false.  His main argument is that Defendant failed to investigate the alleged debt before filing the foreclosure action.  Had Defendant done so, Plaintiff maintains that Defendant would have learned that no debt existed.

Plaintiff filed the instant action on January 10, 2013.  On February 21, 2013, without filing an answer to Plaintiff's complaint, Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted.

II.

Upon a motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the complaint states a plausible claim for relief.  *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).  To survive a motion to dismiss, a plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff satisfies that standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, a party falls short of meeting this burden if the complaint merely pleads facts consistent with a defendant's liability or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct."  *Id.* at 678-79.

3

III.

In Plaintiff's Complaint, he advances four claims under the FDCPA and one claim of IIED. Plaintiff principally alleges that statements made in pleadings of the state foreclosure action violated the FDCPA and entitle him to recovery under Kentucky's IIED law.

In order to establish a claim under the FDCPA, the following elements must be present: (1) plaintiff is a "consumer" as defined by the FDCPA; (2) the "debt" must arise out of transactions that are "primarily for personal, family or household purposes"; (3) defendant is a "debt collector" as defined by the FDCPA; and (4) defendant must have violated one of the specific statutory prohibitions regarding debt collection communication and/or activity. *Wallace v. Wash. Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012). Section 1692k of the FDCPA permits the consumer to recover statutory or actual damages for violations of the Act should he make out a meritorious claim. 15 U.S.C. § 1692k. Defendant does not dispute the first three elements of each FDCPA claim. Therefore, the fourth element is at issue and the Court must determine whether Defendant violated the four specific provisions of the FDCPA so as to be held liable under to the FDCPA. The Court will address each FDCPA provision individually, and then evaluate Plaintiff's IIED claim.

A.

Plaintiff alleges that Defendant's action in seeking to collect an allegedly invalid debt constitutes a violation of 15 U.S.C. § 1692d, which prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This provision of the FDCPA also delineates nonexclusive examples of the type of conduct that the FDCPA prohibits. These examples evidence behavior that is primarily "intended to embarrass, upset, or frighten a debtor." *Harvey*

4

*v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006); *see* 15 U.S.C. § 1692d(1)-(6). Importantly, the conduct described in the provision is "tactics [] not comparable to the single filing of a debt-collection lawsuit." *Id.*

Merely filing a lawsuit, "which is an authorized method of collecting a debt," absent investigating the debt "does not have the natural consequence of harassing, abusing, or oppressing a debtor." *Id.* The Sixth Circuit clearly held that using the court system to collect a debt is not an actionable claim under 15 U.S.C. § 1692d. Therefore, Plaintiff's claim pursuant to this provision of the FDCPA fails.

B.

Plaintiff next argues that Defendant misrepresented the amount of the debt in violation of 15 U.S.C. § 1692e, which prohibits a debt collector from use of any "false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Whether a debt collector's actions are false, deceptive, or misleading is based on whether the 'least sophisticated consumer' would be misled by defendant's actions." *Wallace*, 683 F.3d at 326 (citing *Harvey*, 453 F.3d at 329). In applying that standard, a "statement must be *materially* false or misleading [meaning] that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Id*. at 327-27.

Plaintiff argues that statements in the state foreclosure complaint contained false statements as to the character, amount and legal status of the debt allegedly in violation of 15 U.S.C. § 1692e(2)(A). Specifically, Plaintiff takes issue with the allegations that he had defaulted on his mortgage obligations. Plaintiff maintains that Defendant should have conducted

5

an independent investigation of the mortgage before filing the collection action to determine the accuracy of the debt.

However, Defendant correctly notes that the FDCPA does not impose such an obligation.[2] *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) (holding that the FDCPA does not require a collection agency to perform an independent investigation of the debt referred for collection); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006) (stating that "the FDCPA does not impose upon a [debt collector] any duty to investigate independently the claims presented by [the creditor]"); *Harvey*, 453 F.3d at 331 (stating that the "filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt . . . is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable.") (quoting *Deere v. Javitch, Block, & Rathbone, LLP*, 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006)).  Accordingly, Plaintiff's 15 U.S.C. § 1692e claim must be dismissed because Defendant's failure to engage in an independent investigation does not support this type of claim.

Additionally, based on Plaintiff's complaint, a reasonable inference can be drawn that he indeed defaulted on his mortgage and owed a debt.  Plaintiff admits that he unilaterally stopped paying the mortgage payment after July 28, 2011.  Though Plaintiff contends that he ceased

---

[2]

 Plaintiff argues that Defendant is required to exercise due diligence and investigate claims before filing suit, but does not proffer any statutory provision mandating such an obligation.  Rather Plaintiff cites to *Jerman v. Carlisle*, 559 U.S. 573 (2010), for the proposition that a debt collector can still be liable under the FDCPA despite its mistaken interpretation of the legal requirements of the FDCPA.  This argument is unpersuasive given that the FDCPA does not explicitly require Defendant to investigate and discover the factual and legal basis of Cenlar's claim before filing a collection suit.  Defendant cannot mistakenly interpret a non-existent requirement.  Also, Plaintiff's reliance on *Wallace* is misplaced.  In that case, the Sixth Circuit held that the action of a law firm in filing a foreclosure complaint on behalf of a creditor, Washington Mutual, was deceptive in violation of 15 U.S.C. § 1692e, because the law firm wrongly asserted that Washington Mutual owned the mortgage, when it did not.  *Wallace*, 683 F.3d at 327.  The holding in *Wallace* was specifically limited to a case in which the defendant falsely represented the creditor's name.  Because that is not the situation in the case at bar, the Court can easily distinguish the *Wallace* opinion.  *See id.* ("District courts have decided, and we agree, that a clearly false representation of the creditor's name may constitute a false representation . . . to collect or attempt to collect any debt under Section 1692e.") (internal quotation omitted).

6

payment until Cenlar disclosed how it applied prior payments to his account, such conduct does not suspend his payment obligations under the mortgage contract.  As such, the Court finds that the statements made in the state foreclosure case are not actionable under this provision of the FDCPA because the statements were not materially false, as required in *Wallace*.

C.

Next, Plaintiff argues that Defendant's conduct in filing the state foreclosure action was in violation of 15 U.S.C. § 1692f, which bars a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Section 1692f provides a nonexhaustive list of unfair and unconscionable practices that debt collectors are barred from doing.  *See* 15 U.S.C. § 1692f(1)-(8).  Such conduct includes collecting more money than expressly authorized, accepting or soliciting postdated checks, communicating by postcard or threatening criminal prosecution.  *Id.*

The allegations here, which Plaintiff premises on same conduct underlying the other FDCPA claims, are far less severe than those enumerated in the statute.  Defendant filed a foreclosure action on behalf of a creditor on a mortgage that Plaintiff acknowledges he did not make a payment after July 2011.  Accordingly, the Court finds that the allegations do not constitute unfair or unconscionable conduct as conceived in 15 U.S.C. § 1692e.  *See Deere*, 413 F. Supp. 2d at 891 (holding that filing a lawsuit supported by the creditor's information as to the existence and amount of debt is not unfair or unconscionable so as to be actionable under 15 U.S.C. § 1692e).

D.

Finally, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a), which requires a debt collector to forward a written notice regarding the nature of the debt within five days of its

7

initial communication with the debtor.  Here, Plaintiff argues that the initial communication was the foreclosure complaint.  "Initial communication", a term of art under 15 U.S.C. § 1692g(d), "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section."  *See Allen v. Bank of Am.*, 2012 WL 5412654, *4 (N.D. Ill. Nov. 6, 2012) (holding that the debt collector's filing of the foreclosure suit "was not an initial communication within the meaning of § 1692g(a)"); *Hill v. Javitch, Block, & Rathbone, LLP*, 574 F. Supp. 2d 819, 823-24 (S.D. Ohio 2008).

Defendant never engaged in communication constituting an "initial communication", and as such, Defendant's conduct never triggered the notice obligation of 15 U.S.C. § 1692g(a).  The FDCPA did not require the Defendant to provide a 15 U.S.C. § 1692g(a) notice to Plaintiff, and accordingly, Defendant cannot be held liable under that provision for its failure to do so.  All of Plaintiff's FDCPA counts fail to state a claim upon which relief may be granted, and therefore are dismissed as a matter of law.

IV.

Lastly, Plaintiff advances a claim for IIED under Kentucky law.  In *Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984), the Kentucky Supreme Court adopted the Restatement (Second) of Torts § 46, which provides liability against "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."  A prima facie case of IIED requires the following elements:

> 1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004).

Plaintiff alleges that he suffered extreme emotional distress, as a result of the foreclosure action, evidenced by his need to take anti-anxiety medication.  The Court appreciates that a lawsuit like the state court action can be taxing on a debtor.  Nevertheless, it falls far short of conduct sufficient to IIED exposure under state law.  The filing of the foreclosure action on behalf of a creditor is simply not the kind of extreme and egregious conduct that supports an IIED claim.  Here, Defendant filed the foreclosure action on a mortgage because Plaintiff failed to timely pay his property tax and otherwise stopped regular monthly payments; this does not offend against generally accepted standards of decency so as to be actionable.  Many of the issues Plaintiff raises in the present action are more suitable as defenses to the state foreclosure action.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 5] is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to file first amended complaint [ECF No. 15] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to strike matters outside the pleadings [ECF No. 11] is DENIED as MOOT.

This is a final order.

cc:     Counsel of Record